J-A08038-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN M. GORAL | |
| Appellant | No. 1105 WDA 2018 |

Appeal from the Judgment of Sentence Entered July 17, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-SA-0000840-2018

BEFORE:  PANELLA, P.J., STABILE, and McLAUGHLIN, JJ.

DISSENTING MEMORANDUM BY STABILE, J.:     FILED OCTOBER 03, 2019

The Learned Majority concludes that sufficient evidence supports Appellant's summary conviction for failure to stop at a stop sign.[1]  In so concluding, the Majority defers to the trial court's factual findings and credibility determinations.  I respectfully disagree with the Majority's conclusion because this is one of those rare cases where a dash cam video, included in the certified record, contradicts the trial court's findings and credibility determinations.  Contrary to the trial court's findings, as adopted by the Majority, my review of the video clearly reveals that Appellant's vehicle

_____

[1] 75 Pa.C.S.A. § 3323(b).  Appellant also was charged and convicted of driving without wearing a seat belt under 75 Pa.C.S.A. § 4581(a)(2)(ii).  To the extent the record reflects that Appellant was convicted under subsection (a)(2)(i) for the seat belt violation, it appears to be a typographical error, as subsection (a)(2)(i) applies only to minors.

came to a complete stop at the intersection in question. As a result, I would vacate Appellant's conviction under Section 3323(b) for want of sufficient evidence.[2]

At Appellant's de novo trial, the Commonwealth offered the testimony of Officer Christopher Arthur, Cheswick Borough Police Department. Officer Arthur testified that he observed Appellant's vehicle leaving a Sunoco gas station parking lot and turning right to proceed onto Cheswick Avenue. N.T. Trial, 7/17/18, at 6. Officer Arthur further testified that Appellant's vehicle "came to the stop sign and quickly decelerated and failed to come to a complete stop at the stop sign at Spruce and Cheswick Avenue. It continued through the intersection sharply." Id. Officer Arthur elaborated:

> [The vehicle] was speeding up as it was leaving the parking lot. So, it was traveling pretty quickly down the roadway. It did decelerated [sic] very quickly as though the brake was being pressed and then released without coming to a complete stop. It looked to me from behind the vehicle that it rolled through the stop sign without coming to a complete stop.

Id. at 7. When asked by the trial court after he had watched the dash cam video[3] whether Appellant's vehicle came to full stop, Officer Arthur replied: "No, Your Honor. It appears that he decelerated sharply and failed to come to a complete stop and continued driving forward again." Id. at 13.

_____

[2] As discussed below, I also would vacate Appellant's conviction for driving without wearing a seat belt under Section 4581(2)(ii).

[3] As the Majority observes, Appellant introduced into evidence his own dash cam video from the night of the incident in question. Maj. Mem. at 2.

In his defense, Appellant testified that his dash cam video depicts that his vehicle did come to a complete stop. Id. at 10-11. Appellant pointed out that

> if you listen not only can you see and reflected at the stop sign the reflection in the headlight of the car that's parked facing me on the right-hand side of the road that I 100 percent stopped. You can also hear the deceleration of the engine. And my foot going from the gas pedal to the brake pedal at the stop and back to the gas to reaccelerate.

Id. at 10(sic). Following trial, the court found that Appellant's vehicle did not come to a complete stop, but rather rolled through the stop sign. The court stated:

> Well, I saw the video and I also believe that you rolled through it. Slowly. But you did roll through it. I find you guilty. You did not stop. . . . Your video does not prove that you stopped. It shows me that you rolled through it slowly. I agree you did decelerate. Deceleration is not stopping.

Id. at 14. Appellant pro se timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. The crux of Appellant's argument on appeal is that his conviction for the stop sign violation is unsupported by sufficient evidence, because the dash cam video shows that he fully stopped at the stop sign at the intersection of Cheswick Avenue and Spruce Street.[4]

In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable

---

[4] Like the Majority, I too decline to find waiver based on Appellant's noncompliance with Pa.R.A.P. 2116(a).

- 3 -

doubt. Commonwealth v. Diamond, 83 A.3d 119, 126 (Pa. 2013). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." Commonwealth v. Colon-Plaza, 136 A.3d 521, 525–26 (Pa. Super. 2016). It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. Commonwealth v. Tejada, 107 A.3d 788, 792–93 (Pa. Super. 2015). The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Commonwealth v. Crosley, 180 A.3d 761, 767 (Pa. Super. 2018). As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Commonwealth v. Rogal, 120 A.3d 994, 1001 (Pa. Super. 2015).

Nonetheless, "[w]here the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and laws of nature, then the evidence is insufficient as a matter of law." Commonwealth v. Widmer, 744 A.2d 745, 751 (Pa. 2000); see Commonwealth v. Santana, 333 A.2d 876, 878 (Pa. 1975) ("It is settled law in Pennsylvania that testimony in conflict with the incontrovertible physical facts and contrary to human experience and the laws of nature must be rejected.").

In Commonwealth v. Griffin, 116 A.3d 1139 (Pa. Super. 2015), the appellant argued that the trial court abused its discretion in denying his suppression motion where the illegal nature of the seized evidence was not

immediately apparent to the police officer without further manipulation.  We agreed, concluding that the immediately apparent requirement of the plain feel doctrine was not met in that case.  We noted that the officer's testimony at the hearing was inconsistent with what was depicted on the police dash cam video.  Specifically, we explained that "the video clearly depicts the officer repeatedly manipulating appellant's pocket.  This is one of those rare cases where a dash cam video, which was made a part of the certified record, can contradict a trial court's factual finding often based on its credibility determinations."  Id. at 1143.

> Section 3323 of the Vehicle Code provides in relevant part:
>
> Except when directed to proceed by a police officer or appropriately attired persons authorized to direct, control or regulate traffic, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line or, if no stop line is present, before entering a crosswalk on the near side of the intersection or, if no crosswalk is present, then at the point nearest the intersecting roadway where the driver has a clear view of approaching traffic on the intersecting roadway before entering.

75 Pa.C.S.A. § 3323(b).

As recited above and recounted by the Majority, the trial court found Appellant guilty of the stop sign violation because of Officer Arthur's testimony, which the court found credible, and the dash cam video.  Specifically, the trial court found:

> On March 19, 2018, Officer [Arthur], of the Cheswick Borough Police Department, was in a marked vehicle when he observed [Appellant] fail to stop at a stop sign.  Officer Arthur testified that [Appellant] "came to the stop sign and quickly decelerated and failed to come to a complete stop."  He elaborated that [Appellant's] vehicle "decelerated very quickly as though the brake was being pressed and then released without coming to a complete stop."  Additionally, Officer Arthur observed [Appellant]

> put on his seat belt after he initiated the traffic stop and approached the vehicle.
>
> . . . .
>
> The credible testimony of Officer Arthur was sufficient to establish that [Appellant] violated [Section] 3323 by failing to stop at the stop sign and violated [Section] 4581 by failing to wear his seat belt.

Trial Court Opinion, 11/14/18, at 1-2.

Instantly, upon my careful review of the dash cam video, and consistent with Griffin, I am constrained to agree with Appellant. Contrary to Officer Arthur's testimony, at timestamp 08:42:50-52, the video depicts that Appellant's vehicle came to a complete two-second stop at the intersection. First, the video features sounds consistent with Appellant's pressing the vehicle's brakes to decelerate and releasing the same after the stop for purposes of accelerating. Second, the video confirms that Appellant's vehicle stopped because the movement of Appellant's vehicle, or the lack thereof in this case, can be gauged vis-à-vis the road and the overhead streetlights. Finally, the reflection of the headlights of Appellant's vehicle on the parked vehicles confirms that the vehicle stopped at the intersection. The video in this case is not only the best evidence, but it also clearly rebuts Officer Arthur's testimony regarding the events surrounding the traffic stop at issue. Similar to Griffin, this too is one of those rare cases where a dash cam video belies the trial court's findings and credibility determination. Accordingly, I would vacate Appellant's conviction for failure to stop at a stop sign under Section 3323(b).

Additionally, Appellant's conviction pursuant to Section 4581(a)(2)(ii), which provides in relevant part that "each driver and front seat occupant of a passenger car . . . operated in this Commonwealth shall wear a properly adjusted and fastened safety seat belt system," also must be set aside. Under Section 4581(b), "[n]o person shall be convicted of a violation of subsection (a)(2)(ii) unless the person is also convicted of another violation of [the Vehicle Code] which occurred at the same time." 75 Pa.C.S.A. § 4581(b). Because I conclude that Appellant's summary conviction for failure to stop at a stop sign was unsupported by sufficient evidence, because the dash cam video depicts his vehicle coming to a complete stop, his summary conviction for driving without wearing a seat belt cannot be sustained under Section 4581(b). I, therefore, respectfully dissent and would vacate Appellant's judgment of sentence.